Suit by Harry A. Cohien and another against N. Jay Fincke and another. From a final decree in favor of defendants, plaintiffs appeal.
Decree affirmed.
Appellants filed a suit, the nature and purposes of which need not be delineated because the only questions we feel obliged to answer involve the propriety of the performance by the master of his part in the proceedings.
The master was charged to take the testimony and speedily report his findings of law and fact. He presided at a hearing on a certain day, and when the parties represented that they had no further testimony to offer, he announced, "Then, this hearing is closed." A subsequent motion by appellees to extend the time for taking testimony was denied, and the master filed his report, recommending a decree for appellants. Thereafter the court granted the motion of appellees to be allowed additional time to take testimony, and when this added testimony was considered by the master, he filed a supplemental report, finding in favor of the appellees. Upon a presentation of exceptions to this latter report the chancellor, being impressed with the inconsistencies between the two, ordered the cause re-referred, with instructions to review the record and "make a further report to this Court either adhering to his reports as filed or supplementing or amending them as he may be advised." The master then recommended, as he had done in his second report, that a decree be entered in favor of the appellees, and they were eventually awarded a decree by the chancellor.
The appellants insist that this procedure was so erroneous as to justify our reversing the final decree, principally because the court, when rendering the order enlarging the time did not specifically re-refer the cause to the master, as he later did, and for the reason, assumed by the appellants, that the master filed later conflicting reports through "mere caprice."
Even though the process employed in taking and reporting the testimony may not have followed the precise literal pattern outlined in the law and the decisions — from which, for that matter, we do not consider it was very far afield — we do not believe that any harm whatever was done appellants. To entertain a contrary view would be the result of subordinating the ultimate purpose of a trial to the letter of the law in disregard of the spirit. The chancellor was searching for all the light that could be cast on the controversy, and he was exercising his discretion when he extended the time to take the testimony, a discretion which is not presently charged to have been abused. The master had been appointed and had acted under his appointment; so it would require a strained construction to hold that in these circumstances the court should have expressly directed in *Page 66 
the second order that testimony should be heard by one who had been designated a special master to hear the particular case.
More important than any of these considerations, the chancellor recognized the reports when he eventually decided the case, and if what was done had even the appearance of irregularity, it was rendered inconsequential by his ratification. Moreover, there was in fact a "re-reference" in the order entered immediately preceding the last report which contained the recommendation that a decree be entered for appellees.
As for the master, we do not think that it would be fair to him to suppose that his last reports were the result of whimsey. It would be more just to conclude that he changed his mind because he decided he was wrong in the first instance. In any event, the chancellor had antithetical reports, and could take his choice, being bound to adopt neither.
The decree is affirmed.
ADAMS, C.J., and TERRELL and BARNS, JJ., concur.